IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Yolanda K. Hall, | Case No. 3:11CV0799 |
| Plaintiff, | |
| v. | |
| Crothall Laundry Services, | ORDER |
| Defendant. | |

*Pro se* plaintiff, Yolanda K. Hall, brings this *in forma pauperis* employment discrimination action against her former employer, Crothall Laundry Services. Hall alleges that Crothall violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e-(a) & 16(a)[1] for discriminating against her on account of her gender. Hall also claims that Crothall is liable for intentional infliction of emotional distress.

Jurisdiction exists under 28 U.S.C. §§ 1331 and 28 U.S.C. §§ 1367(a). For the reasons set forth below, Hall's complaint shall be dismissed.

**Background**

Crothall hired Hall on May 18, 2009 to work as a general laborer. Prior to her starting date, Hall received a summons from the Cleveland Municipal Court ordering her to appear on June 4, 2009, in Case No. 09-CVG-164.

---

[1] The Civil Rights Act of 1964 forbade the federal government from discriminating in the employment setting. Here, the plaintiff does not allege that the federal government employed Hall.

To avoid conflict between Hall's job and the court summons, she requested June 4, 2009 off work. The Crothall Office Manager, Linda Taylor, did not grant Hall's request and advised Hall to make arrangements with another employee to avoid a "points assessment" in her record. [Doc. 1 at 2].

During the week of May 24, 2009, the Crothall Shift Supervisor "allegedly" fired Hall. [Doc 1 at 2]. Hall does not disclose why the firing was "alleged," or provide any reason this action was taken.

Hall claims that another supervisor allowed her to return to work the following day. She worked without interruption for a week. On June 4 and 5, 2009, however, Hall did not attend work. Hall claims that she missed work to comply with the court summons.

When Hall returned to Crothall, on June 7, 2009, a supervisor terminated her for missing two days of work.

As a result, Hall complains that she is suffering extreme mental and emotional distress. She alleges that she has become "unemployable" because of the stress from losing her job. [Doc. 1 at 3]. Hall claims that Crothall is liable for intentional infliction of emotional distress.

Hall also claims that Crothall discriminated against her based on her sex, therefore violating her civil rights under Title VII. She seeks compensatory and punitive damages.

Along with the complaint, Hall filed a motion to proceed *in forma pauperis* stating that she has inadequate assets.

## Discussion

### Standard of Review

*Pro se* pleadings are liberally construed to ensure that indigent litigants "have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines, supra*, 404 U.S. at 92)).

A district court, however, is required to dismiss a claim filed *in forma pauperis* under § 1915(d) if "the action is frivolous or malicious." *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (The plaintiff filed an employment discrimination action against their employer by filing an application to proceed *in forma pauperis*. The court held that trial courts can prevent a *pro se* litigant from filing an *in forma pauperis* complaint when the litigant has a long track record of filing frivolous suits); *Neitzke, supra*, 490 U.S. at 324; *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

The Sixth Circuit has defined a "frivolous" complaint as the plaintiff's failure to state a claim upon which relief can be granted, or if "it lacks an arguable basis either in law or fact." *Lawler, supra*, 898 F.2d at 1198; *Neitzke, supra*, 490 U.S. at 324; *Anderson v. California*, 386 U.S. 738, 744 (1967).

Frivolousness in the § 1915(d) context refers to a more limited set of claims than a Rule 12(b)(6) accords. *Neitzke, supra*, 490 U.S. at 328; *see also Penson v. Ohio*, 488 U.S. 75 (1988). The distinction between a § 1915(d) frivolousness dismissal and a Rule 12(b)(6) dismissal "is that § 1915(d) is a lower hurdle to clear." *Lawler, supra*, 898 F.2d at 1198.

When a complaint filed *in forma pauperis* fails to state a claim with an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal. *Id*.

Accordingly, Hall's motion to proceed *in forma pauperis* is granted. I now consider whether Hall's Complaint states a cognizable § 1915(d) claim.

### 1. Failure to State a Claim

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

District courts are not required to conjure up questions never squarely presented to them or to construct claims from sentence fragments. *Id*. at 1278. To do so would require courts to exhaustively explore all potential claims of a *pro se* plaintiff, and would "transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). I am not, however, bound to accept a legal conclusion couched in her complaint as a fact. *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory § 1983 claim dismissed); *see also Ashcroft v. Iqbal*, 129 U.S. 1937, 1957 (2009).

It is clear that dismissal of Hall's federal and state claims is necessary because she failed to state a claim upon which relief can be granted.

## 2. Discrimination

Hall alleges that Crothall fired her based on her sex, in violation of Title VII of the Civil Rights Act of 1964.

Under Title VII of the Civil Rights Act it is unlawful for an employer to discriminate against any individual "with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1).

Although Hall is not required to plead her discrimination claim with heightened specificity, she must still provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft, supra*, 550 U.S. 1937 ("[A] complaint will [not] suffice if it tenders naked assertions devoid of further factual enhancement." (quoting *Twombly, supra*, 550 U.S. at 557)).

Recently, the Sixth Circuit explored the scope of *Twombly* and *Iqbal* noting that even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor v. Louisville Tractor, et al.*, 2010 WL 244809, *3 (W.D. Ky.) (quoting *Twombly*, 550 U.S. at 555).

While Title VII prohibits an employer from discriminating against a qualified individual because of that person's sex, 42 U.S.C § 2000e, Hall's complaint does not contain any facts

reasonably suggesting that Crothall discriminated against her based on any protected class within the statute. *See Ashcroft, supra*, 129 U.S. at 1957. She merely makes a conclusory statement that she was discriminated against because of her "sex." [Doc. 2 at 3].

Even liberally construing Hall's complaint, I do not identify a valid federal claim. Her complaint lacks any facts to support her allegation. I therefore dismiss Hall's federal discrimination action under § 1915(d) with prejudice.

### 3. Intentional Infliction of Emotional Distress

Hall further claims that her discharge from Crothall's gives rise to a cause of action for the intentional infliction of emotional distress. Hall's state tort claim derives from the same nucleus of facts as her discrimination claim. I review this supplemental claim under 28 U.S.C. §§ 1367(a).

To prevail on a claim of intentional infliction of emotional distress under Ohio law, a plaintiff must satisfy four elements:

> 1) the defendant intended to cause emotional distress or knew or should have known that the actions taken would result in emotional distress to the plaintiff; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's actions proximately caused the plaintiff's psychic injury; and 4) the plaintiff's mental anguish is serious and of a nature that no reasonable man could be expected to endure it.

*Boyd v. Bressler*, 18 F.App'x 360, 366-67 (6th Cir. 2001) (quotations omitted); *see also Hanly v. Riverside Methodist Hosp.*, 78 Ohio App. 3d 73, 82 (1991).

The Ohio Supreme Court has held that a plaintiff may establish intentional infliction of emotional distress only if "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (citing *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 453 N.E.d2 666, 670 (Ohio 1983) (quoting Restatement (Second) of Torts § 46 (1965))).

Here, Hall failed to allege, expressly or implicitly, any facts in support of Crothall's extreme or outrageous behavior. Without an arguable basis in either law or fact, I find that Crothall's actions did not rise to the level of extreme and outrageous.

I therefore dismiss Hall's state tort claim under § 1915(d) with prejudice.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

Plaintiff's *in forma pauperis* action be dismissed.

So ordered.

/s/ James G. Carr

Sr. United States District